SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7038 PA (JTLx) *<br>CV 06-7043 PA (JTLx)<br>CV 06-7058 PA (JTLx)<br>CV 06-7059 PA (JTLx)<br>CV 06-7060 PA (JTLx)<br>CV 06-7061 PA (JTLx)<br>CV 06-7067 PA (JTLx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | Aka Raymond Tanoh, et al. v. AMVAC Chemical Corp., et al.<br>Kallilou Diarrassouba, et al. v. AMVAC Chemical Corp., et al.<br>Poupoin Jean Pimma, et al. v. AMVAC Chemical Corp., et al.<br>Ahoulou Raphael Kangah, et al. v. AMVAC Chemical Corp., et al.<br>Aka Georges Ayemou, et al. v. AMVAC Chemical Corp., et al.<br>Akebo Abagninin, et al. v. AMVAC Chemical Corp., et al.<br>Aka Francois Kovassi, et al. v. AMVAC Chemical Corp., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Karen Park | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiffs in the actions listed above (the "State Tort Actions"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 20, 2008, is vacated, and the matter taken off calendar.

The State Tort Actions were removed by defendants The Dow Chemical Company and Shell Oil Company (collectively, the "Removing Defendants") on either November 2 or 3, 2006. The Removing Defendants asserted that jurisdiction existed on the basis of diversity of citizenship and that the State Tort Actions were removable pursuant to 28 U.S.C. § 1441 or, alternatively, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453.

Each of the State Tort Actions involve claims brought by fewer than 100 plaintiffs, each of whom are West African foreign nationals who lived and worked on banana and pineapple plantations in the Ivory Coast. Their Complaints, each of which was filed on September 27, 2006, in Los Angeles County Superior Court, seek damages for personal injuries resulting from exposure to 1,2-dibromo-3-chloropropane ("DBCP"), a nematocide that was used on the plantations until the mid-1980s. All of the causes of action in this action are brought pursuant to California state law. All of the plaintiffs in the

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-7038 PA (JTLx)<br>CV 06-7043 PA (JTLx)<br>CV 06-7058 PA (JTLx)<br>CV 06-7059 PA (JTLx)<br>CV 06-7060 PA (JTLx)<br>CV 06-7061 PA (JTLx)<br>CV 06-7067 PA (JTLx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | Aka Raymond Tanoh, et al. v. AMVAC Chemical Corp., et al.<br>Kallilou Diarrassouba, et al. v. AMVAC Chemical Corp., et al.<br>Poupoin Jean Pimma, et al. v. AMVAC Chemical Corp., et al.<br>Ahoulou Raphael Kangah, et al. v. AMVAC Chemical Corp., et al.<br>Aka Georges Ayemou, et al. v. AMVAC Chemical Corp., et al.<br>Akebo Abagninin, et al. v. AMVAC Chemical Corp., et al.<br>Aka Francois Kovassi, et al. v. AMVAC Chemical Corp., et al. | | |

State Tort Actions are also plaintiffs in another action filed in this Court, asserting a federal claim under the Alien Tort Claims Act, 28 U.S.C. § 1850 (the "Alien Tort Claims Action"). In total, there are 668 plaintiffs in the Alien Tort Claims Action. The Alien Tort Claims Action was originally assigned to this Court. After the Removing Defendants filed their Notices of Removal of the State Tort Actions, the Court accepted transfers of those actions as related cases. As the State Tort Actions were transferred to this Court, it remanded them back to state court because of what it considered procedural defects in the Notices of Removal.

The first of the State Tort Actions to be remanded was Ayemou, CV 06-7060 PA (JTLx), on November 15, 2006. Plaintiffs filed a Motion to Remand the remaining State Tort Actions on December 1, 2006. The Motion, filed in the Alien Tort Claims Action, individually identified each of the then-pending State Tort Actions. The Court remanded those actions on December 4, 2006. The Removing Defendants appealed the Court's orders remanding the State Court Actions. In a Mandate filed on September 11, 2008, the Ninth Circuit reversed this Court's orders remanding the State Tort Actions. Specifically, the Ninth Circuit ruled that this Court erred by remanding the actions sua sponte without providing plaintiffs with an opportunity to waive the procedural defects contained in the Notices of Removal. See Ayemou v. AMVAC Chem. Corp., No. 06-56826, 2008 WL 4107286, at *1 (9th Cir. Aug. 20, 2008). Plaintiffs filed the instant Motion to Remand on September 19, 2008.

As an initial matter, the Removing Defendants argue that plaintiffs' Motion to Remand is procedurally defective in that it was filed in the Alien Tort Claim Action rather than in the individual State Tort Actions. The Court rejects this argument. The Removing Defendants, who are parties in both the State Tort Actions and the Alien Tort Claim Action received notice of the Motion to Remand. The Motion to Remand clearly states that it applies to each of the State Tort Actions, even though it was not filed in those actions. The Removing Defendants have filed an Opposition to the Motion to Remand addressing what they consider to be the substantive problems with plaintiffs' Motion to Remand. Under these circumstances, the Court declines to deny an otherwise properly filed motion simply because plaintiffs erroneously, but in good faith, filed it in the wrong, but related, case.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-7038 PA (JTLx)<br>CV 06-7043 PA (JTLx)<br>CV 06-7058 PA (JTLx)<br>CV 06-7059 PA (JTLx)<br>CV 06-7060 PA (JTLx)<br>CV 06-7061 PA (JTLx)<br>CV 06-7067 PA (JTLx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | Aka Raymond Tanoh, et al. v. AMVAC Chemical Corp., et al.<br>Kallilou Diarrassouba, et al. v. AMVAC Chemical Corp., et al.<br>Poupoin Jean Pimma, et al. v. AMVAC Chemical Corp., et al.<br>Ahoulou Raphael Kangah, et al. v. AMVAC Chemical Corp., et al.<br>Aka Georges Ayemou, et al. v. AMVAC Chemical Corp., et al.<br>Akebo Abagninin, et al. v. AMVAC Chemical Corp., et al.<br>Aka Francois Kovassi, et al. v. AMVAC Chemical Corp., et al. | | |

  The Court also rejects the Removing Defendants' contention that the Motion to Remand is untimely.  Pursuant to 28 U.S.C. § 1447(c), a party challenging a procedurally defective Notice of Removal must do so within thirty days.  Here, plaintiffs' original Motion to Remand was filed within thirty days of the date of removal in all of the State Tort Actions.[1]  As a result, plaintiffs did timely challenge the propriety of the Notices of Removal.  But for the Court's erroneous sua sponte remand of the actions, plaintiffs' challenges to the Notices of Removal would have been heard by the Court.  Plaintiffs certainly should not lose their right to timely challenge the propriety of the Notices of Removal because of the Court's errors.  The Court therefore concludes that the Motion to Remand is timely.

  Because the Court has rejected the Removing Defendants' procedural arguments concerning the Motion to Remand, it will next address the substance of potential defects in the Notices of Removal.  In addition to the Removing Defendants, the plaintiffs named as defendants AMVAC Chemical Corp. and four fruit companies, Dole Food Co., Inc., Dole Fresh Fruit Co., Standard Fruit Co., and Standard Fruit and Steamship Co.  The Complaints allege that AMVAC, along with the Removing Defendants, manufactured and sold products containing DBCP and that the fruit companies used those products on the plantations where the plaintiffs lived and worked.  According to the Notices of Removal, AMVAC was the first defendant to be served on October 6, 2006, and the Dole companies were served on October 13.  The Notices of Removal also state that AMVAC, the Dole companies, and Standard Fruit

---

  [1] The Removing Defendants in the Ayemou action filed the Notice of Removal on November 3, 2006.  This Court issued its order remanding the action on November 15, 2006.  Therefore twelve days of the thirty days in which a procedural defect may be brought to the Court's attention by way of a Motion to Remand had elapsed.  See 28 U.S.C. § 1447(c).  Another eight days elapsed since this Court once again acquired jurisdiction over these actions before plaintiffs filed the Motion to Remand.  See Ayemou, 2008 WL 4107286, at *1 n.2 ("Ayemou still had time left in which to file a motion to remand on the basis of a non-jurisdictional defect under § 1447(c) when the district court preempted that process by its sua sponte ruling.").

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-7038 PA (JTLx)<br>CV 06-7043 PA (JTLx)<br>CV 06-7058 PA (JTLx)<br>CV 06-7059 PA (JTLx)<br>CV 06-7060 PA (JTLx)<br>CV 06-7061 PA (JTLx)<br>CV 06-7067 PA (JTLx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | Aka Raymond Tanoh, et al. v. AMVAC Chemical Corp., et al.<br>Kallilou Diarrassouba, et al. v. AMVAC Chemical Corp., et al.<br>Poupoin Jean Pimma, et al. v. AMVAC Chemical Corp., et al.<br>Ahoulou Raphael Kangah, et al. v. AMVAC Chemical Corp., et al.<br>Aka Georges Ayemou, et al. v. AMVAC Chemical Corp., et al.<br>Akebo Abagninin, et al. v. AMVAC Chemical Corp., et al.<br>Aka Francois Kovassi, et al. v. AMVAC Chemical Corp., et al. | | |

Co. are all citizens of California.

      Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). Jurisdiction may be based on complete diversity of citizenship, requiring each plaintiff to have a different citizenship from each defendant. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978); Strawbridge v. Curtiss, 7 U.S. (3 Cranch.) 267, 2 L. Ed. 435 (1806). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

      "The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand." Hofler v. Aetna US Healthcare of California, Inc., 296 F.3d 764, 767 (9th Cir. 2002). "The burden of establishing federal jurisdiction is on the party seeking removal." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). As the parties seeking to invoke this Court's jurisdiction, the Removing Defendants bear the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). Diversity jurisdiction must appear on the face of the pleading. Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group, 823 F.2d 302, 304 (9th Cir. 1987) (noting that neither the removal petition nor the record indicated diversity of the parties).

      Even where the complete diversity requirement is met, removal is not permitted where one of the defendants is a "citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In their Notice of Removal, the Removing Defendants acknowledge that several of the other defendants are citizens of California. Nonetheless, they maintain that these defendants have been fraudulently joined. If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of

SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-7038 PA (JTLx)<br>CV 06-7043 PA (JTLx)<br>CV 06-7058 PA (JTLx)<br>CV 06-7059 PA (JTLx)<br>CV 06-7060 PA (JTLx)<br>CV 06-7061 PA (JTLx)<br>CV 06-7067 PA (JTLx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | Aka Raymond Tanoh, et al. v. AMVAC Chemical Corp., et al.<br>Kallilou Diarrassouba, et al. v. AMVAC Chemical Corp., et al.<br>Poupoin Jean Pimma, et al. v. AMVAC Chemical Corp., et al.<br>Ahoulou Raphael Kangah, et al. v. AMVAC Chemical Corp., et al.<br>Aka Georges Ayemou, et al. v. AMVAC Chemical Corp., et al.<br>Akebo Abagninin, et al. v. AMVAC Chemical Corp., et al.<br>Aka Francois Kovassi, et al. v. AMVAC Chemical Corp., et al. | | |

determining diversity.  See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Lieberman v. Meshkin, Mazandarani, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996).  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)).  Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand.  See id.

In the Notice of Removal, the Removing Defendants argue that AMVAC was fraudulently joined because it did not sell any DBCP to customers in the Ivory Coast or elsewhere in Africa.  In support of that claim, they provide a declaration from AMVAC's Vice Chairman of the Board of Directors who states that he has reviewed all of AMVAC's sales records and determined the following:

> AMVAC had no sales of DBCP to any customer where the shipping address or the shipment was designated or marked for the Ivory Coast.  For that matter, AMVAC had no sales of DBCP to any customer where the shipping address or the shipment was designated or marked for any location in Africa.

(Notice of Removal Ex. D, ¶ 7.)  Though this evidence is presumably sufficient to show that AMVAC did not itself ship any DBCP to the plantations where the plaintiffs lived and worked, it does not eliminate the possibility that  AMVAC's products made it to those plantations through other means.

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-7038 PA (JTLx)<br>CV 06-7043 PA (JTLx)<br>CV 06-7058 PA (JTLx)<br>CV 06-7059 PA (JTLx)<br>CV 06-7060 PA (JTLx)<br>CV 06-7061 PA (JTLx)<br>CV 06-7067 PA (JTLx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | Aka Raymond Tanoh, et al. v. AMVAC Chemical Corp., et al.<br>Kallilou Diarrassouba, et al. v. AMVAC Chemical Corp., et al.<br>Poupoin Jean Pimma, et al. v. AMVAC Chemical Corp., et al.<br>Ahoulou Raphael Kangah, et al. v. AMVAC Chemical Corp., et al.<br>Aka Georges Ayemou, et al. v. AMVAC Chemical Corp., et al.<br>Akebo Abagninin, et al. v. AMVAC Chemical Corp., et al.<br>Aka Francois Kovassi, et al. v. AMVAC Chemical Corp., et al. | | |

This proof is particularly insufficient given the plaintiffs' allegation that the other defendants "purchased DBCP in the United States and re-sold and distributed DBCP from the United States to their subsidiaries and affiliates in developing countries around the world, including the Ivory Coast." (Compl. ¶ 34.) Accordingly, the Removing Defendants have failed to meet their heavy burden of showing that AMVAC was fraudulently joined.

The Removing Defendants also argue that the Dole companies were fraudulently joined because they:

> [N]ever owned, managed, controlled or operated any banana or pineapple farms in the Ivory Coast. Nor are any of the Dole Defendants successors to any entity that did. And the Dole Defendants did not employ any of the plaintiffs in the Ivory Coast. Neither did the Dole Defendants control or direct DBCP application on banana or pineapple plantations in Ivory Coast. Lastly, the Dole Defendants did not purchase, distribute, or supply DBCP-containing products for use on banana or pineapple plantations in Ivory Coast.

(Notice of Removal ¶ 21.) In support of this argument, the Removing Defendants provide evidence that Dole Food Co. did not acquire any ownership interest in banana or pineapple plantations in the Ivory Coast until 1992 and argue that this was well after the plaintiffs were allegedly exposed to DBCP. (See id. Ex. E, ¶ 3; Compl. ¶ 141.) They also argue that even now, Dole's interest is only as a parent corporation several times removed from any entity that actually manages banana or pineapple plantations in the Ivory Coast.

Though the Removing Defendants are correct that a "parent corporation is not liable for the torts of its subsidiaries simply because of stock ownership," Inst. of Veterinary Pathology, Inc. v. California Health Labs., Inc., 116 Cal. App. 3d 111, 120, 172 Cal. Rptr. 74, 78 (Ct. App. 1981), this argument fails to take into account the numerous theories of liability plaintiffs have asserted against the Dole

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-7038 PA (JTLx)<br>CV 06-7043 PA (JTLx)<br>CV 06-7058 PA (JTLx)<br>CV 06-7059 PA (JTLx)<br>CV 06-7060 PA (JTLx)<br>CV 06-7061 PA (JTLx)<br>CV 06-7067 PA (JTLx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | Aka Raymond Tanoh, et al. v. AMVAC Chemical Corp., et al.<br>Kallilou Diarrassouba, et al. v. AMVAC Chemical Corp., et al.<br>Poupoin Jean Pimma, et al. v. AMVAC Chemical Corp., et al.<br>Ahoulou Raphael Kangah, et al. v. AMVAC Chemical Corp., et al.<br>Aka Georges Ayemou, et al. v. AMVAC Chemical Corp., et al.<br>Akebo Abagninin, et al. v. AMVAC Chemical Corp., et al.<br>Aka Francois Kovassi, et al. v. AMVAC Chemical Corp., et al. | | |

companies.  For example, the Removing Defendants have failed to establish that it would be impossible for the plaintiffs to recover on their allegations that Dole is liable as "aider, abbetor, joint venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferor, fraudulent transferee, controller, alter-ego, licensee, licensor, patent holder, trademark holder, co-conspirator and/or indemnitor of Defendants and their subsidiary and affiliated corporations and entities in doing the wrongful acts alleged."  (Compl. ¶ 18.)  Further, the Removing Defendants' argument misrepresents the nature of the plaintiffs' allegation regarding their exposure to DBCP.  Though the Removing Defendants would construe the Complaint as alleging that all exposure occurred before 1986, the plaintiffs actually allege that DBCP was used "until *at least* 1986"  (Compl. ¶ 141 (emphasis added).)  Thus, proof that Dole Food Co. had no ownership interest in the relevant plantations until 1992 is not necessarily dispositive of their claims.  Accordingly, the Removing Defendants have failed to meet their heavy burden of showing that Dole Food Co. and Dole Fresh Fruit Co. were  fraudulently joined.

Thus, the Removing Defendants have failed to show that none of the parties "properly joined and served as defendants" is a citizen of the state of California, where this action was brought.  See 28 U.S.C. § 1441(b).  Nonetheless, the Removing Defendants argue that this action is still removable pursuant to CAFA because it is a "mass action" that is removable "without regard to whether any defendant is a citizen of the State in which the action is brought."  See 28 U.S.C. §§ 1332(11), 1453(b).  Under CAFA, a  mass action is defined as "any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  § 1332(11)(B)(i).  Each individual State Tort Action involves less than 100 plaintiffs, however, and therefore does not qualify as a mass action removable under CAFA.

The Removing Defendants argue that the Court should nonetheless find the State Tort Actions removable because the plaintiffs have strategically sought to avoid federal jurisdiction over their state-law claims pursuant to CAFA by filing one action involving 668 plaintiffs in federal court and several separate actions involving the same plaintiffs, but in groups less than 100, in state court.  Defendants cite no authority holding that plaintiffs may not file multiple actions, each with fewer than 100 plaintiffs,

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-7038 PA (JTLx)<br>CV 06-7043 PA (JTLx)<br>CV 06-7058 PA (JTLx)<br>CV 06-7059 PA (JTLx)<br>CV 06-7060 PA (JTLx)<br>CV 06-7061 PA (JTLx)<br>CV 06-7067 PA (JTLx) | Date | October 21, 2008 |
|---|---|---|---|
| Title | Aka Raymond Tanoh, et al. v. AMVAC Chemical Corp., et al.<br>Kallilou Diarrassouba, et al. v. AMVAC Chemical Corp., et al.<br>Poupoin Jean Pimma, et al. v. AMVAC Chemical Corp., et al.<br>Ahoulou Raphael Kangah, et al. v. AMVAC Chemical Corp., et al.<br>Aka Georges Ayemou, et al. v. AMVAC Chemical Corp., et al.<br>Akebo Abagninin, et al. v. AMVAC Chemical Corp., et al.<br>Aka Francois Kovassi, et al. v. AMVAC Chemical Corp., et al. | | |

to work within the confines of CAFA to keep their state-law claims in state court and the Court declines to do so.  As a general matter, "[t]he removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand."  Hofler, 296 F.3d at 767.  Further, Congress has itself indicated that the type of relief Defendants seek here is not available under CAFA.  Congress could have easily made removal available in situations like this one by enabling state-court defendants to consolidate related claims brought by groups of less than 100 plaintiffs and then remove the resulting action.  Instead, Congress expressly rejected the use of this strategy by excluding actions in which claims have been "joined upon motion of a defendant" from the definition of "mass action."  See 28 U.S.C. § 1332(11)(B)(ii)(II).  Thus, allowing removal in this case would effect an end-run around the limits Congress itself has imposed on removal pursuant to CAFA.  See Lowdermilv v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir. 2007) (applying the "well established" rule that a plaintiff is the "master of her complaint" to affirm remand of an action removed under CAFA).

      For the foregoing reasons, the Court hereby remands the State Tort Actions to Los Angeles County Superior Court, Case Nos. BC359265 (Tanoh), BC359261 (Diarrassouba), BC359264 (Pimma), BC359262 (Kangah), BC359259 (Abagninin), and BC359263 (Kovassi), and BC359260 (Ayemou).  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.